**ARCHER & GREINER, P.C.**
630 Third Avenue, 7th Floor
New York, NY 10017
(212) 682-4940
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R&G ENTERPRISES, INC., | Civil Action No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| SOO JEONG CHOI, RAE H. LEE, and R&H CLEANERS, INC., | |
| Defendants. | |

Plaintiff R&G Enterprises, Inc. ("R&G") ( "Plaintiff") against defendants Soo Jeong Choi ("Choi"), Rae H. Lee ("Lee") and R&H Cleaners, Inc. ("R&H")(collectively "Defendants"), respectfully alleges as follows:

## THE PARTIES

1.    R&G is a corporation with a registered business address of 394 Heathcote Road, Scarsdale, New York 10583, though all of R&G's activities are directed, controlled and coordinated at 25 East Spring Valley Avenue, Suite 260, Maywood, New Jersey 07607.

2.    Choi is an individual who is a citizen of New York, and who, upon information and belief, resides at 3214 204th Street, Bayside, NY 11361.

3.    Lee is an individual who is a citizen of New York, and who, upon information and belief, resides at 1950 Hutchinson River Parkway, Apartment 8F, Bronx, NY 10461.

4.    R&H is a New York corporation which, upon information and belief, has a principal place of business located at 681 Melrose Avenue, Bronx, NY 10455.

1

## JURISDICTION

5.      Plaintiff's claims, in part, arise under the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et seq. ("CERCLA"). Therefore, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1331 and CERCLA § 113(b), 42 U.S.C. § 9613(b).

6.      This Court also has jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties. Defendants are citizens of New York and Plaintiff, which has its "nerve center" in New Jersey, is a citizen of New Jersey. Further, the amount in question exceeds $75,000.

7.      Venue is properly before this Court in accordance with 28 USC § 1391 since Defendants reside in the State of New York and since all of the events or omissions giving rise to the claims occurred in this judicial district.

## FACTUAL BACKGROUND

8.      In or about September 2007, Plaintiff entered into a written lease agreement (the "Lease") with Defendants Lee and R&H in which Lee and R&H agreed to rent the commercial premises known as 616 Melrose Avenue, Bronx, New York (the "Premises") for the term of October 1, 2007 through December 31, 2015, for the purpose of operating a "dry cleaners and related tailoring business only".

9.      The Lease contained, *inter alia*, the following provisions, rules and regulations as to environmental hazards, contamination and conditions:

> 4. Tenant shall not use, keep or permit to be used or kept, any foul or noxious gas or substance in the demised premises, or permit or suffer the demised premises to be occupied or used in a manner offensive or objectionable to Owner or other occupants of the building by reason of noise, odors, and/or vibrations, or interfere in any way with other tenants or those having business therein.

\*      \*      \*

10.  Tenant shall not bring or permit to be brought or kept in or on the demised Premises, any inflammable, combustible, or explosive, or hazardous fluid, materials, chemical or substance, or cause or permit any odors of cooking or other processes, or any unusual or other objectionable odors, to permeate or emanate from the demised premises.

\*      \*      \*

62.   Tenant has had an opportunity to fully and completely examine and inspect the premises, and has in fact fully and completely inspected the premises prior to the execution of this Lease agreement.  The Tenant is fully familiar with all aspects of the premises and accepts the same in its present "as is" condition. Tenant will not call upon the Landlord during the term of this Lease to make any alterations, repairs, replacements or to do any decorating in the Premises.  Landlord makes no representation as to the condition of the Premises.  Tenant shall remain liable for the removal of all garbage, refuse, rubbish and any and all hazardous materials, substances and chemicals at the Premises.   Tenant assumes sole responsibility and liability necessary to assure that the Premises are always in compliance with all governmental and environmental guidelines throughout the term of the Lease, and upon their vacating the Premises.

\*      \*      \*

78.   Tenant covenants that the Premises shall be kept free of Hazardous Materials in accordance with applicable law, and shall not be used to generate, manufacture, refine, transport, treat, store, handle, dispose, transfer, produce or process Hazardous Materials, and Tenant shall not cause or permit, as a result of any intentional or unintentional act or omission on the part of Tenant or any assignee, sublessee or occupant, the installation or placement of Hazardous Materials in or on the Premises or suffer the presence of Hazardous Materials on the Premises. . .Tenant shall conduct and complete all investigations, studies, sampling, and testing and all remedial, removal, and any other actions necessary to clean up and remove all Hazardous Materials, on, from or affecting the demised Premises in accordance with all applicable federal, state and local laws, ordinances, rules, regulations, and policies.    The term "Hazardous Materials" as used in this Lease shall include any toxic or hazardous materials or substances, as defined by any federal, state or local laws, ordinance, rule or regulation.  The obligations and liabilities of Tenant under this paragraph shall survive the assignment, subletting and termination of this Lease.

3

10.     The Lease also contained the following provisions with regard to maintaining and vacating the Premises:

> 4. …Tenant shall, throughout the term of the lease, take good care of the demised premises (including, without limitation, the storefront) and the fixtures and appurtenances therein, and the sidewalks adjacent thereto, and at its sole costs and expenses, make all non-structural repairs thereto and when needed to preserve them in good working order and condition, reasonable wear and tear, obsolescence and damage from the elements, fire or other casualty, excepted.
>
> *     *     *
>
> 21. Upon the expiration or other termination of the term of this lease, Tenant shall quit and surrender to Owner the demised premises, "broom-clean", in good order and condition, ordinary wear excepted, and Tenant shall remove all its property.

11.     Lee and R&H leased the Premises from on or about October 1, 2007 through in or about January 2014, when they assigned the Lease to Defendant Choi.

12.     In or about December 2015, Plaintiff and Choi executed a written Lease Extension and Assumption (the "Lease Extension") whereby they reaffirmed that all of the terms and conditions set forth in the Lease would remain in full force and effect, with Choi being liable and responsible for all of the obligations and as the tenant thereunder, except as modified in the Lease Extension.

13.     Under the Lease Extension, the term of the Lease was extended to December 31, 2030.

14.     Choi defaulted on her obligation to pay rent and additional rent under the Lease Extension, resulting in Plaintiff's filing of an action for eviction in the Civil Court of the City of New York, County of Bronx, in the case entitled *R&G Enterprises Inc. v. Soo Jeung Choi*, Index Nol 90/588/18 (the "Eviction Action").

15.     As a result of the Eviction Action, Plaintiff regained possession of the Premises in or about April 2019.

16.     Although Plaintiff entered into separate tenancies regarding the Premises, first with R&H and Lee, and second with Choi, the Defendants were, at all relevant times, jointly operating a dry cleaning business at the Premises and acting in concert with each other.

17.     During the course of Defendants' tenancies at the Premises, Defendants caused and allowed for chlorinated solvent contaminants and volatile organic compounds ("VOCs"), most notably Tetrachloroethylene, also known as Perchloroethylene ("PCE") and Trichloroethylene ("TCE")(collectively the "Contaminants"), to permeate throughout the Premises and into the soil, groundwater, building, including but not limited to the indoor air, and surrounding areas, failing to remediate such conditions and to maintain the Premises in a hazard-free condition as required by the Lease, and failing to ensure that the Premises was properly ventilated so as to prevent the Contaminants from permeating into the Premises and surrounding areas.

18.     The Contaminants are toxic and/or hazardous substances, hazardous waste, and suspected carcinogens, and are regulated by state and federal law.

19.     Most notably, PCE is a known hazard for groundwater contamination and vapor intrusion and is a hazardous air pollutant pursuant to 42 U.S.C.A. § 7412; is subject to the Federal National Emission Standards for Hazardous Air Pollutants ("NESHAP"); is subject to New York State Environmental Conservation Law, and constitutes a restricted chemical material thereunder ("ECL"); is subject to citizen suit provisions of the Resource Conversation and Recovery Act, 42 U.S.C. § 6901 et seq. ("RCRA"); is subject to CERCLA, is subject to the Rules of the City of New York ("RCNY"), Title 15, Chapter 12; is subject to New York State Department of Health (the "NYSDOH") Air Guidance Value (the "AGV"); is subject to the New

York State Department of Environmental Conservation (the "NYSDEC") Technical and Operation Guidance Series of Ambient Water Quality Standards and Guidance Values and Groundwater Effluent Limitations ("AWQS"); is subject to 6 New York City Rules and Regulations ("NYCRR") 375-6.8(a); is subject to 6 NYCRR 375-6.8(b); is subject to 6 NYCRR §§ 232.1-232.19; and is subject to October 21, 2010 NYSDEC Policy CP-51.

20.     As a result of Defendants' activities and failure to maintain the Premises in a hazard-free condition, the Contaminants have been found in the sub-slab vapors beneath the Premises and the adjacent areas, including but not limited to an adjacent restaurant and grocery store which operate in property owned by Plaintiff.

21.     As a result of Defendants' activities, PCE levels and levels of other Contaminants were found in soil, groundwater and air in and around the Premises well above state, federal, and local guidelines and regulations, including but not limited to the regulations set forth above.

22.     Plaintiff has been forced to incur substantial costs to investigate and remediate such hazards at the Premises.

23.     As of this date, Plaintiff has incurred at least $54,550 to investigate and remediate the impacts with hazardous substances from Defendants' operation and use of the Premises and other non-environmental conditions, and it is anticipated that these costs will continue to accrue.

24.     At the time Plaintiff regained possession of the Premises from Defendant Choi, the Premises was in a state of disarray and disrepair.

25.     As a result, to date, Plaintiff has been forced to incur at least $20,800 to remediate non-environmental conditions and physical damage to the Premises, and to remove equipment that had been left behind by Choi.

26.     In addition, Choi has failed to pay rent and additional rent that has been accumulating under the unexpired Lease Extension.

6

27.     As of this date, Choi is indebted to Plaintiff in the amount of at least $47,424.00

in base rent alone for the period of January 2019 through the date of this Complaint ($3,952 X 12

months), plus additional rent and attorney's fees.

28.     This sum is in addition to, and does not include the judgment already recovered

by Plaintiff against Choi in the Eviction Action in the amount of $54,842.50, under which

Plaintiff reserves any and all rights.

29.     The Lease contains the following provision on remedies in the event of a default:

> 18.     In case of any such default, re-entry, expiration and/or
> dispossess by summary proceedings or otherwise…(c) Tenant or
> the legal representatives of Tenant shall…pay Owner, as liquidated
> damages, for the failure of Tenant to observe and perform said
> Tenant's covenants herein contained, any deficiency between the
> rent hereby reserved and/or covenanted to be paid and the net
> amount, if any, of the rents collected on account of the subsequent
> lease or leases of the demised premises for each month of the
> period which would otherwise have constituted the balance of the
> term of [the] lease.  The failure of Owner to re-let the demised
> premises or any part or parts thereof shall not release or affect
> Tenant's liability for damages.  In computing such liquidated
> damages there shall be added to the said deficiency such expenses
> as Owner may incur in connection with re-letting, such as legal
> expenses, reasonable attorney's fees, brokerage, advertising and
> for keeping the demised premises in good order, or for preparing
> the same for re-letting.

30.     To date, Plaintiff has been unable to re-let the Premises due to the aforementioned

environmental and non-environmental issues created by Defendants.

31.     As a result, Plaintiff is entitled to liquidate damages for one hundred percent

(100%) of the rent and additional rent that has accumulated since Plaintiff regained possession,

plus attorney's fees and costs.

32.     Such amounts are ongoing and continue to accumulate.

33.     Plaintiff has notified Defendants of the above-referenced environmental conditions and damage to the Premises and requested that Defendants compensate Plaintiff for its losses, but to no avail.

34.     As a result of the foregoing, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT AS TO DEFENDANT CHOI**

35.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

36.     The Lease, as assumed and modified through the Lease Extension, constitutes a valid and enforceable contract between Plaintiff and Choi.

37.     Choi breached said contract by disposing and allowing for the disposal of the Contaminants at and about the Premises.

38.     Choi also breached said contract by failing to remediate environmental hazards at the Premises, including but not limited to PCE and other Contaminants.

39.     Such activities and failure to remove and remediate environmental hazards at the Premises constitutes a violation, without limitation, of all of the Lease provisions cited above.

40.     As a result of Choi's activities and failure to remove and remediate environmental hazards at the Premises, Plaintiff has and will continue to suffer damages, including but not limited to the costs of investigating and remediating such conditions.

41.     In addition, Choi breached the Lease and Lease Extension by causing physical damage to the Premises and failing to vacate the Premises in a "broom-clean'" condition, in good order, with all property removed.

42.     As a result, Plaintiff suffered damages, including but not limited to $20,800 in costs to remediate non-environmental conditions and physical damage to the Premises.

43.     Choi also breached the Lease and Lease Extension by failing to pay rent and additional rent due thereunder, as set forth above.

44.     As a result of Choi's non-payment of rent and additional rent, as required by the Lease and Lease Extension, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## BREACH OF THE DUTY OF GOOD FAITH AND
## FAIR DEALING AS TO DEFENDANT CHOI

45.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

46.     Choi owed to Plaintiff the implied duty of good faith and fair dealing by virtue of the aforementioned Lease and Lease Extension.

47.     Choi breached the duty of good faith and fair dealing by disposing and allowing for the disposal of the Contaminants at and about the Premises, failing to remediate environmental hazards and to maintain the Premises in a hazard-free condition, leaving the Premises in a state of disarray and disrepair, and ongoing failure to make payment for rent and additional rent.

48.     As a result of Choi's breach of the duty of good faith and fair dealing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AS TO DEFENDANTS LEE AND R&H

49.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

50.     The Lease constitutes a valid and enforceable contract between Plaintiff and Defendants Lee and R&H.

51.    Lee and R&H breached said contract by disposing and allowing for the disposal of the Contaminants at and about the Premises.

52.    Lee and R&H also breached said contract by failing to remediate environmental hazards at the Premises and to remove the Contaminants.

53.    Such activities and failure to remove and remediate environmental hazards at the Premises constitute a violation, without limitation, of all of the lease provisions cited above.

54.    As a result of Lee and R&H's activities and failure to remove and remediate environmental hazards at the Premises, Plaintiff has and will continue to suffer damages, including but not limited to the costs of investigating and remediating such conditions.

55.    As a result, Plaintiff has been damaged.

**FOURTH CAUSE OF ACTION**
**BREACH OF THE DUTY OF GOOD FAITH AND**
**FAIR DEALING AS TO DEFENDANTS LEE AND R&H**

56.    Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

57.    Lee and R&H owed to Plaintiff the implied duty of good faith and fair dealing by virtue of the aforementioned Lease.

58.    Lee and R&H breached the duty of good faith and fair dealing by disposing and allowing for the disposal of PCE at and about the Premises, and failing to remediate environmental hazards and to maintain the Premises in a hazard-free condition.

59.    As a result of Lee and R&H's breach of the duty of good faith and fair dealing, Plaintiff has been damaged.

## FIFTH CAUSE OF ACTION
### CERCLA AS TO ALL DEFENDANTS

60.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

61.     The Premises is a "facility" within the meaning of CERCLA, 42 U.S.C. § 9601(9).

62.     PCE, TCE and the other Contaminants are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

63.     Defendants are "persons" within the meaning of 42 U.S.C. § 9601(21).

64.     Defendants were, at the time when the Contaminants were disposed of, discharged and/or released from and/.or at the Premises, an "operator" within the meaning of 42 U.S.C. § 9601(20)(A).

65.     The Contaminants were released and/or discharged from or at the Premises within the meaning of 42 U.S.C. § 9601(22).

66.     Defendants caused, allowed for, and perpetuated the release and/or discharge of the contaminants.

67.     By virtue of the foregoing, Defendants are jointly and severally liable pursuant to 42 U.S.C. § 9607(a)(2)  and Plaintiff demands judgment for all costs it incurred in connection with the investigation and remediation of such contamination, and said costs are consistent with the National Contingency Plan, 40 C.F.R. § 300 et seq.

68.     Plaintiffs costs include, but are not limited to, costs incurred in response to the contamination, attorney's fees, and other damages, incidental and consequential, in an amount to be determined by the Court, together with the costs of ongoing environmental remediation and

maintenance systems, until such time as such systems are no longer required, pursuant to 42 U.S.C. § 9607(a).

69.     Defendants' conduct has proximately caused damages to Plaintiff.

## SIXTH CAUSE OF ACTION
## PRIVATE NUISANCE AS TO ALL DEFENDANTS

70.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

71.     Defendants' discharge of the Contaminants into the Premises, building and surrounding areas and failure to remediate the contamination is an intentional, unreasonable and negligent interference with Plaintiff's use and enjoyment of its property.

72.     Defendants' failure to remediate such conditions constitutes intentional, unreasonable and negligent interference with Plaintiff's use and enjoyment of its property.

73.     The presence of Contaminants at the Premises and surrounding areas is a result of Defendants' acts or omissions.

74.     Defendants' actions were either (i) intentional and unreasonable, or (ii) negligent or reckless.

75.     Defendants' actions have proximately caused, and continue to cause, the Plaintiff to suffer harm and damages, which are ongoing and continuous.

76.     As a result of the foregoing, Defendants are liable to Plaintiff for private nuisance.

77.     Defendants' nuisance threatened and continues to threaten the health and safety of Plaintiff and other occupants of the building.

78.     As a result of such private nuisance, Defendants are jointly and severally liable, and Plaintiff demands judgment for damages, including but not limited to the costs of investigating and remediating environmental hazards and conditions at the Premises.

## SEVENTH CAUSE OF ACTION
## PUBLIC NUISANCE AS TO ALL DEFENDANTS

79.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

80.     The discharge of the Contaminants into the Premises and surrounding areas, and failure to remediate such contamination, has interfered with and caused damage to the public in the exercise of rights common to all, namely, Plaintiff's provision of a clean and non-toxic dwelling to its tenants.

81.     Defendants' failure to remediate such conditions constitutes an omission which offends, interferes with, and causes damage to the public in the exercise of rights common to all, namely, Plaintiff's provision of a clean and non-toxic dwelling to its tenants.

82.     Defendants' failure to properly clean, seal and/or remediate the contamination at the Premises constitutes an omission which offends, interferes with, and causes damage to the public in the exercise of rights common to all, namely, Plaintiff's provision of a clean and non-toxic dwelling to its tenants.

83.     Based on the foregoing, Defendants' actions and omissions constitute a public nuisance.

84.     Defendants' nuisance has substantially interfered with the public's right to an uncontaminated environment, and represents an ongoing threat to the public's health.

85.     As a result of such private nuisance, Defendants are jointly and severally liable, and Plaintiff demands judgment for damages, including but not limited to the costs of investigating and remediating environmental hazards and conditions at the Premises.

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE AS TO ALL DEFENDANTS

86.     Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

87.     Defendants' discharge of the Contaminants into the Premises and surrounding areas is an intentional, unreasonable and negligent interference with Plaintiff's use and enjoyment of its property.

88.     Defendants at all relevant times had a duty to exercise reasonable care to prevent risks to human health and the environment in their operation and maintenance of their dry cleaning business at the Premises.

89.     At all relevant times, Defendants did breach this duty by discharging and allowing for the discharge of the Contaminants in and about the Premises, thereby releasing the Contaminants into the building, surrounding areas, and environment.

90.     Defendants knew or should have known, through reasonable diligence that the Contaminants would contaminate the Premises, building and surrounding areas.

91.     Defendants breached their duty by failing to remediate the contamination during the time Defendants knew or should have known that the Premises was contaminated.

92.     Defendants should have taken reasonable steps and precautions to prevent the release of contamination into the Premises, building and surrounding areas.

93.     Defendants should have taken reasonable steps and precautions to clean up such release of contamination once it had been discharged into the Premises, building and surrounding areas.

94.     Defendants should have taken reasonable steps and precautions to clean up such release of contamination once it had been identified as violating the law.

14

95.     As a result, Defendants' conduct and omissions constitute negligence.

96.     Defendants' conduct proximately caused and continue to cause Plaintiff to incur damages.

97.     Defendants are therefore liable and Plaintiff demands a judgment against Defendants in negligence.

98.     Defendants' damages are continuous and ongoing.

99.     By virtue of the foregoing, Defendants are liable are jointly and severally liable, and Plaintiff demands judgment for damages, including but not limited to the costs of investigating and remediating environmental hazards and conditions at the Premises.

## NINTH CAUSE OF ACTION
## TRESPASS AS TO ALL DEFENDANTS

100.    Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

101.    Defendants have released, or are responsible for leasing, onto and/or into the soil and ground water beneath the Premises, building and surrounding areas without authorization from Plaintiff from the Premises, hazardous substances that have contaminated Plaintiff's property.

102.    Defendants engaged in activities that directly or indirectly resulted in the release of Contaminants at the Premises, building and surrounding area, without authorization from Plaintiff.

103.    Defendants are liable for all direct and consequential damages suffered by the Plaintiff as a result of their aforesaid unauthorized and wrongful conduct.

104.    Defendants' conduct proximately caused and continue to cause Plaintiff to incur damages.

105.    Defendants are therefore jointly and severally liable and Plaintiff demands a judgment against Defendants in negligence.

## TENTH CAUSE OF ACTION
## CLAIM FOR STRICT LIABILITY AS TO ALL DEFENDANTS

106.    Plaintiff repeats each and every allegation of the above paragraphs of the Complaint as if fully set forth herein.

107.    Defendants operation of the dry cleaning business which included the procurement, handling, storage and use of hazardous substances, constituted an abnormally dangerous activity(ies) and posed a high degree of risk that harm would occur to the community and the environment.

108.    The contamination of soil and ground water beneath the Premises, building and surrounding area resulted from the abnormally dangerous or ultra-hazardous activities of Defendants, their agents, officers and/or employees.

109.    Defendants are strictly liable to Plaintiff for the costs and damages resulting from the abnormally dangerous and ultra-hazardous activities of defendants and the discharge of Contaminants at the Premises.

110.    As a result of such abnormally dangerous or ultra-hazardous activities on the part of Defendants, the Plaintiff has sustained damages in an amount which is yet to be determined.

**WHEREFORE**, Plaintiff respectfully prays for judgment in its favor as follows:

(a) On the First Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(b) On the Second Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(c)On the Third Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(d) On the Fourth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(e) On the Fifth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(h) On the Sixth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(g)  On the Seventh Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(i)  On the Eighth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(j)  On the Ninth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(k)  On the Tenth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus consequential and incidental damages along with attorneys' fees and costs;

(l) Granting to Plaintiff such other and further relief as the Court deems just and proper, including Plaintiff's costs, disbursements, and reasonable attorneys' fees.

Dated: December 20, 2019

ARCHER & GREINER P.C.
*Attorneys for Plaintiff*

_____

Patrick Papalia
Michael J. Forino
630 Third Avenue, 7th Floor
New York, NY 10017
Telephone:  (212) 682-4940
Fax:  (212) 682-4942
ppapalia@archerlaw.com

217661251v3