UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
R&G ENTERPRISES, INC.                                             :
:
                                    Plaintiff,            :        19 Civ. 11699 (PAE) (SN)
           -v-                                                    :
:        OPINION AND ORDER
SOO JEONG CHOI, et al.                                            :
:
                                    Defendant.            :
:
------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

       On December 20, 2019, R&G Enterprises, Inc. filed its complaint. Dkt. 1. On January 3, 2020, and January 21, 2020, respectively, defendants R&H Cleaners, Inc. and Soo Jeong Choi were served with process. Dkts. 12, 13. Defendants failed to appear or otherwise respond to the complaint. On February 5, 2020, and February 13, 2020, respectively, plaintiff obtained Clerk's Certificates of Default as to R&H Cleaners and Choi. Dkts. 18, 21.

       On October 2, 2020, the Court ordered plaintiff to show cause, prompting plaintiff to move for a default judgment by October 16, 2020 or risk dismissal of the case. Dkt. 23. On October 15, 2020, R&G Enterprises moved for default judgment. Dkt. 24. On October 19, 2020, the Court issued an order to show cause directing defendants to appear by November 16, 2020. Dkt. 26. Defendants did not oppose the motion for default or otherwise appear. On November 17, 2020, the Court issued an order of default judgment, Dkt. 28, and referred the motion to Magistrate Judge Sarah Netburn to conduct an inquest and to prepare a Report and Recommendation pursuant to 28 U.S.C. § 636(b) regarding plaintiff's damages, Dkt. 29. On November 19, 2020, Judge Netburn ordered defendants to file their opposition, if any, within 30 days of its order. Dkt. 29.

On May 24, 2022, Judge Netburn issued a Report and Recommendation (the "Report"), Dkt. 34, regarding the inquest on damages, Dkt. 24. The Report permitted plaintiff to supplement the record within the 140day objection period on two issues. First, because plaintiff's counsel had not provided contemporaneous records for attorneys' hours worked or costs, the Report declined to award attorneys' fees. Report at 12–13. But it stated that, if plaintiff submitted proof of contemporaneous records during the 140day objection period, plaintiff would be entitled to attorneys' fees of $11,670.48 and up to an additional $1,016.48 in costs. Report at 16. On June 6, 2022, within the 14-day window, plaintiff's attorneys filed an affidavit in support of attorneys' fees and cost of $14,444.73, and attaching invoices. *See* Dkt. 35. Second, the Report recommended that plaintiff be permitted to submit documentary evidence regarding updated calculations as to back rent owed after September 2020. *See* Report at 5, 10 (noting that the parties' lease extension extended the terms of the lease until December 31, 2030); *id.* at 16. Plaintiff's filings from the 14-day period did not address back rent owed. *See* Dkts. 35, 36.

The Court has not received any objections to the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02

Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Careful review of the thorough and well-reasoned Report reveals that there is no facial error in their conclusions. The Report, which is incorporated by reference herein, is adopted without modification.

In light of plaintiff's supplementary documents regarding attorneys' fees and costs, *see* Dkt. 35, the Court awards attorneys' fees of $11,670.48 and costs of $1,016.48, *see* Report at 16, 12 n.3 (calculating costs), figures which are well-documented. The Court, however, declines to award attorneys' fees for work that, at the time of the Report, had not yet been performed. *See* Report at 12 & n.3 (citing *Scott v. City of New York*, 626 F.3d 130, 132–33 (2d Cir. 2010) (absent "the rarest of cases," "all applications for attorney's fees [must] be supported by contemporaneous records")). The Court also declines to award attorneys' fees or costs for plaintiff's work after the Report issued, in preparing documentary evidence that plaintiff should have filed in the first instance. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (courts should exclude claimed hours that are "excessive, redundant, or otherwise unnecessary").

As to back rent, plaintiff has not filed supplementary documents showing that additional back rent was due after September 30, 2020. *See* Report at 16 ("Plaintiff may supplement the record for back rent due since September 2020. In such case, any prejudgment interest would run from the midpoint of January 1, 2019, to the final date of back rent due."). Accordingly, the Court adopts the Report's calculation of back rent damages against Defendant Choi in the amount of $82,992 for unpaid rent for the period from January 2019 to September 2020, with prejudgment interest at 9% per annum calculated from November 15, 2019. *See id.*

3

## CONCLUSION

The motion for default judgment is granted. The Clerk of Court is directed to close this case.

The parties' failure to file written objections precludes appellate review of this decision. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam). The Court therefore declines to issue a certificate of appealability, and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 7, 2022
       New York, New York